952 So.2d 70 (2006)
Tracy Comeaux FLICKINGER
v.
David J. FLICKINGER.
No. 2005 CA 2228.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
*72 Brian J. Prendergast, Baton Rouge, Counsel for Plaintiff/Appellee Tracy Comeaux Flickinger.
Pamela Jean Baker, Baton Rouge, Counsel for Defendant/Appellant David J. Flickinger.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
This appeal arises from a trial court judgment setting child support and ordering the father to pay a portion of the minor child's private school tuition. For the following reasons, we amend in part and affirm as amended, reverse in part, and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
David Flickinger and Tracy Comeaux Flickinger were married on June 21, 1996, and had a son, Benjamin, on November 13, 1997. David began receiving Social Security disability benefits prior to the parties' marriage, and upon his birth, Benjamin began receiving Social Security benefits due to his father's disability. David and Tracy were divorced on June 30, 1999. They were awarded joint custody of Benjamin, with Tracy designated as the domiciliary parent, and David was ordered to pay child support to Tracy.
On September 19, 2003, Tracy filed a Rule for Review of Custody, Arrearages, Contempt of Court and Attorney's Fees, asking the court to review the custody arrangement and designation of school for the fall semester because Benjamin was about to start kindergarten. David filed a Motion to Change Custody on January 19, 2005, alleging that there had been a change in circumstances materially affecting Benjamin's welfare and that it was in Benjamin's best interest for David to be named the domiciliary parent or alternatively for the parties to share physical custody equally.
In a stipulated judgment, signed by the court on June 14, 2005, it was ordered that the parties would continue to have joint custody of Benjamin, with Tracy being designated as the domiciliary parent. Pursuant to this judgment, David would have physical custody of Benjamin during the school year on every other weekend from Thursday after school until Monday before school and on all of Tracy's work days from after school until 5:30 p.m. During the summer, David would have physical custody of Benjamin for six weeks, and also for all of Tracy's working hours during the four weeks of summer that Benjamin is with Tracy. David would also have *73 physical custody on certain designated holidays.
In a separate June 16, 2005 judgment, the court ordered David to pay Tracy $239.84 a month in child support, starting May 4, 2005. In addition to this amount, the court ordered that Tracy also receive Benjamin's monthly child benefit from the Social Security Administration, which was approximately $520.00 per month. The court also ordered David to pay 43% of Benjamin's private school tuition for the 2003-2004 school year and 41% of the private school tuition for the 2004-2005 school year.
David appealed this judgment, assigning the following trial court errors:
1. The trial court erred in failing to consider Benjamin's social security disability check "income of the child."
2. The trial court erred in holding that the social security disability check, received by Benjamin as a result of David's disability, constitutes benefits received from a means-tested public assistance program.
3. The trial court erred in failing to include Benjamin's social security check in the gross income of the domiciliary parent for purposes of calculating child support.
4. The trial court erred in ordering that the entire social security check received by Benjamin as a result of David's disability, is to be allocated and paid in full to the domiciliary parent.
5. The trial court erred in failing to calculate child support in accordance with La. R.S. 9:315.9, when the custody plan provides for physical custody with the non-domiciliary parent for an approximately equal amount of time as with the domiciliary parent, or alternatively, the trial court erred in failing to deviate from the child support guidelines for the extended amounts of time that David has physical custody during the holidays, school year, and during times when Tracy is working.
6. The trial court erred in ordering David to pay a proportionate share of private school tuition.
7. The trial court erred in ordering David to pay private school tuition retroactive to the beginning of the 2003/2004 school year.

DISCUSSION

Social Security Disability Benefits Paid to the Child
At the time the judgment on appeal in this case was rendered, La. R.S. 9:315.7 provided that income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation. This court interpreted § 315.7 in Kelly v. Kelly, 99-2478 (La.App. 1 Cir. 12/22/00), 775 So.2d 1237, to entitle the parent on whose behalf social security disability benefits were paid to a full credit against his percentage share of the total child support obligation. After the judgment in the instant case was rendered, however, this court overruled Kelly in Salles v. Salles, 04-1449 (La.App. 1 Cir. 12/2/05), 928 So.2d 1, holding that the amount of social security benefits received by the child should instead be deducted from the total basic child support obligation. After the ruling in Salles, the legislature amended La. R.S. 9:315.7 by Acts 2006, No. 386, § 1, effective August 15, 2006, to add subsection (D), which provided: "social security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of that parent."
*74 Louisiana Civil Code article 6 provides that substantive laws apply prospectively only, while procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. Interpretative laws are those that clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted. Cheron v. LCS Corrections Services, Inc., 02-1049 (La.App. 1 Cir. 2/23/04), 872 So.2d 1094, 1101, writ granted 04-0703 (La.5/14/04), 872 So.2d 532, affirmed 04-0703 (La.1/19/05), 891 So.2d 1250. As a general rule, an appellate court is bound to adjudge a case before it in accordance with the law existing at the time of its decision. Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714, 725. In cases where the law has changed during the pendency of the suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a trial court judgment that was correct at the time it was rendered. Segura, 630 So.2d at 725.
The Digest prepared by the House Legislative Services, while not part of the actual legislative instrument, provides a summary of the amendments adopted by the House. It provides that HB No. 539, 2006 Reg. Sess. (La.2006) "Changes [La. R.S. 9:315.7] to clarify that social security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent." (Emphasis added). Thus, the amendment to La. R.S. 9:315.7 is clearly interpretive and meant only to clarify the meaning that the statute had at the time it was enacted, i.e., that social security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent and is applicable to the instant matter on appeal.
The trial court in this case, however, did not reduce the basic child support obligation by the amount of social security benefits received. The court interpreted La. R.S. 9:315.7 differently than this court had in Kelly, and found that the social security check received by the child should not be considered income of the child at all. This was legal error.
We therefore reverse that portion of the trial court judgment ordering David to pay $239.84 per month in child support. Because the amount of the social security benefit received by Benjamin is not in the record, we remand this issue to the trial court so that the amount of David's child support obligation can be reduced by the amount of the social security benefit received by Benjamin.

Shared Custody
In fixing the amount of child support, the trial court applied La. R.S. 9:315.8(E):
"Joint Custody" means a joint custody order that is not shared custody as defined in R.S. 9:315.9.
(1) In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time.
(2) If under a joint custody order, the person ordered to pay child support has physical custody of the child for more than seventy-three days, the court may order a credit to the child support obligation. A day for the purposes of this Paragraph shall be determined by the court; however, in no instance shall less than four hours of physical custody of the child constitute a day.
(3) In determining the amount of credit to be given, the court shall consider the following:
(a) The amount of time the child spends with the person to whom the credit *75 would be applied. The court shall include in such consideration the continuing expenses of the domiciliary party.
(b) The increase in financial burden placed on the person to whom the credit would be applied and the decrease in financial burden on the person receiving child support.
(c) The best interests of the child and what is equitable between the parties.
(4) The burden of proof is on the person seeking the credit pursuant to this Subsection.
David disagrees with the application of La. R.S. 9:315.8, and argues that he actually has shared custody of Benjamin, and that child support should be set in accordance with La. R.S. 9:315.9. In order for custody to be "shared" under § 315.9, each parent must have physical custody of the child for an approximately equal amount of time. La. R.S. 9:315.9(A)(1).
In setting the child support, the court stated that it was looking to § 315 and taking into consideration the extended time spent by David with Benjamin, while also taking Tracy's "fixed overhead" into consideration. The court gave David a 100% credit for the six weeks he spends with Benjamin over the summer, but prorated that amount over the whole year. David did not argue at the trial of the child support issue that the parties had shared custody, and we are unable to determine from the record exactly how much time David spends with Benjamin. In addition to his Thursday afternoon through Monday morning visitation every other week and his six weeks during the summer, David has Benjamin for several holidays and for the times when Tracy works. Without knowing Tracy's work schedule, it is impossible for us to determine exactly how much time David spends with Benjamin. Therefore, we find no manifest error in the trial court's application of La. R.S. 9:315.8.

Private School Tuition
A trial court judgment adding private school tuition expenses to the basic child support obligation will not be disturbed absent an abuse of discretion. Valure v. Valure, 96-1684, p. 3 (La.App. 1 Cir.6/20/97), 696 So.2d 685, 687. Louisiana Revised Statutes 9:315.6(1) allows for the inclusion of private school educational expenses in the calculation of child support by either agreement of the parties or by order of the court. In the absence of an agreement by the parties, in order to warrant the inclusion of private school tuition expenses in a child support award, some evidence must be presented to show a need of the child which is met by attendance at a private school. The need of the child met by the special or private school need not be a particular educational need, but may include the need for stability or continuity in the child's educational program. La. R.S. 9:315.6, Comment  2001.
David argues on appeal that the trial court erred in ordering him to pay a portion of Benjamin's private school tuition because there was no agreement between the parties to include private school tuition in the child support and that Benjamin had no special need which would be met by the private school. David alleges that Tracy unilaterally decided to enroll Benjamin in private school and that he did not file a motion to have the court review this decision because he could not afford to do so.
As the domiciliary parent, Tracy has the authority under La. R.S. 9:335(B)(3) to "make all decisions affecting the child unless an implementation order provides otherwise." La. R.S. 9:335(B)(3) also provides that all major decisions made by a domiciliary parent are subject to review by the court upon motion of the other parent and that there is a presumption that all *76 major decisions made by the domiciliary parent are in the best interest of the child.
The parties testified that they had discussed putting Benjamin in private school before he was born. When the time came to enroll Benjamin in school, Tracy gave David information on two different private schools. David did not discuss the issue with her and said that he was going to let the court decide where Benjamin went to school. Tracy then filed the September 19, 2003 rule asking the court to review the school choice for Benjamin. David did not file anything himself to object to the enrollment. In ordering David to pay a percentage of Benjamin's private school tuition, the court stated:
[I]t is overwhelmingly clear to the court that there was only one person who participated in meeting the needs of the child in placing the child in a school, and that was Ms. Flickinger. You dropped the ball, Mr. Flickinger. You just decided that you were going to have the court make that decision, but didn't come to the court to make the decision. The child, obviously, had to be placed in school. That was the child's immediate need. Ms. Flickinger put the child in a private school. She satisfied the requirements of [La. R.S. 9:315.6] so that the private school tuition for those two years is in fact your obligation. . . .
Under the circumstances, we do not find that the trial court abused its discretion in ordering David to pay a percentage of Benjamin's private school tuition.
David also alleges that the trial court erred in ordering him to pay private school tuition retroactively, since there was never a demand made for payment of private school tuition, and La. R.S. 9:315.21(C) provides that "[e]xcept for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand." (Emphasis added). Tracy argues that the judicial demand for tuition to be included in the child support award was contained in her September 19, 2003 rule, which stated:
The minor child, namely, Benjamin Paul Flickinger, has attained the age of five (5) and is about to commence kindergarten in the fall semester of 2003. Therefore, petitioner, Tracy Comeaux Flickinger, desires that this court review the custody arrangements and designation of school for the upcoming fall semester.
Tracy also sought payment of child support arrearages in her September 19, 2003 rule. In an exhibit outlining the arrearages owed from December 1999 to the date of the rule, Tracy lists expenses such as tuition, school enrollment fees, materials fees, technology fees, and after-school care fees, starting in June 2003. It is clear from a review of this pleading and its attachments that a demand was being made for payment of private school tuition. The trial court did not err in retroactively ordering David to pay a portion of Benjamin's private school tuition. However, the trial court could not order David to pay those tuition-related expenses claimed by Tracy which arose prior to the date of demand, September 19, 2003. We therefore amend the trial court judgment to order David to pay 43% of that portion of the private school tuition for the 2003-2004 school year that accrued after September 19, 2003.

DECREE
The trial court judgment is amended to order David to pay 43% of only that portion of Benjamin's 2003-2004 private school expenses that accrued after the date of judicial demand, September 19, 2003, and affirmed as amended. The portion of the judgment ordering David to pay *77 $239.84 in child support is reversed, and this matter is remanded to the trial court so that the court can determine the amount of Benjamin's monthly social security benefit and reduce David's support obligation by that amount. In all other respects, the judgment is affirmed. Costs of this appeal are to be shared equally by the parties.
AMENDED IN PART AND AFFIRMED AS AMENDED, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
WELCH, J., dissents in part with reasons.
WELCH, J., dissenting in Part.
I respectfully disagree with the majority opinion insofar as it affirms the trial court's decision to retroactively order Mr. Flickinger to pay 43% of the child's private school tuition, and amends the trial court's judgment to order Mr. Flickinger to pay that expense retroactive to September 19, 2003.
The majority reasons that Mrs. Flickinger's Rule for Review of Custody, Arrearages, Contempt of Court and Attorney Fees, filed on September 19, 2003, which requests the court to "review the . . . designation of school," together with an attachment to that pleading setting forth arrears allegedly owed by Mr. Flickinger, (which included tuition and related expenses), clearly indicates that demand was being made for the payment of private school tuition. Thus, the majority concludes that Mrs. Flickinger's rule constituted judicial demand for a modification of child support to include private school tuition.
Louisiana Revised Statutes 9:311(A) provides that lain award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award." Absent from Mrs. Flickinger's September 19, 2003 rule is (1) a factual allegation concerning a material change in circumstances of one of the parties that has occurred since the rendition of the previous award of child support in November 1999 and (2) a request that the trial court modify Mr. Flickinger's child support obligation. Thus, I do not believe that Mrs. Flickinger's September 19, 2003 rule constituted judicial demand for a modification of the November 1999 award of child support, and I would reverse the judgment of the trial court on this issue.
In all other respects, I agree with the majority opinion.