GUIDRY, J.
 

 |;>A divorced father, who receives social security disability benefits, appeals a judgment based on the trial court’s failure to credit against his support obligation the full amount of social security benefits received by his children as a result of his disability.
 

 FACTS AND PROCEDURAL HISTORY
 

 In March 2001, Denise Morales Genusa filed a petition to divorce Louis Genusa Jr. Pending the grant of a divorce decree, Denise and Louis agreed to a stipulated judgment, signed on June 13, 2001, which provided, in pertinent part, that Louis would pay child support in the amount of $400.00 per month for the couple’s first child, Victoria, retroactive to April 1, 2001, pending the birth of the couple’s second child, Olivia, at which time Louis’s child
 
 *777
 
 support obligation would increase to $650.00 per month. The June 13, 2001 stipulated judgment further obligated Louis to maintain medical insurance on Denise and Victoria and to pay 35 percent of all reasonable and necessary medical and dental expenses incurred by or on behalf of Victoria that were not covered by the medical insurance provided by Louis.
 

 Denise and Louis were officially divorced by a judgment signed on October 30, 2002. The divorce decree provided that the provisions of the June 13, 2001 stipulated judgment “be maintained and incorporated herein by reference but for the requirement that Louis ... maintain insurance on Denise ... and adding thereto that Louis ... maintain insurance on both of his minor children, Victoria Genusa and Olivia Genusa.”
 

 In 2004, Louis applied for and began receiving social security disability benefits. In December 2004, a lump sum of benefits in the amount of $26,500.00 was paid to Louis, and a lump sum of benefits in the amount of $12,500.00 was paid to Denise on behalf of Victoria and Olivia. Thereafter, from December 2004 Rto May 2006, Louis began paying Denise $325.00 per month in child support, which was half of the sum mandated under the June 13, 2001 stipulated judgment.
 

 Consequently, in May 2006, Denise filed a rule nisi requesting that Louis be found in contempt of court for his failure to pay the proper amount of child support as ordered in the June 13, 2001 stipulated judgment. Denise also alleged that Louis refused to pay his 35 percent share of the reasonable and necessary medical and dental expenses incurred by the children, despite amicable demand. Additionally, Denise stated that both children were enrolled in Holy Family School, a private school, and had been enrolled in the school for a significant period of time; however, Louis did not assist in the payment of the expenses related thereto.
 

 In response to the rule nisi filed by Denise, Louis filed a rule to modify child support, requesting that if any arrearage should be determined, it should be offset by the lump sum social security disability benefits received by Denise on behalf of the children. Louis also requested that his monthly support obligation be offset by the monthly social security disability benefits paid to Denise on behalf of the children.
 

 This matter was initially heard by a hearing officer appointed by the trial court, but upon both parties disagreeing with certain determinations made by the hearing officer, the matter was set before the trial court. Following a hearing at which both parties testified and documentary evidence was introduced to establish the income and expenses claimed by the parties, the trial court rendered judgment finding that Louis owed basic child support arrearages in the amount of $6,850.00 and medical and dental expense arrearages in the amount of $17,119.64. The trial court credited half of the December 2004 lump sum social security benefits paid to Denise on behalf of the children against the total amount of arrearages Louis was | ^determined to owe. Louis was therefore found to owe arrearages in the amount of $17,719.64.
 

 The court also set the percentages of the parties’ child support obligations at 49.07 percent for Denise and 50.93 percent for Louis based on its calculation of the parties’ respective incomes. Accordingly, the trial court calculated the basic monthly child support owed by Louis to be $746.41, which was completely offset by the amount of monthly social security disability benefits paid to Denise on behalf of the minor children. The trial court further ordered that the minor children be maintained in
 
 *778
 
 private school at Holy Family in Port Allen, Louisiana, and ordered the parents to pay “their assigned percent of tuition and fees retroactive to the date of filing of this matter!,] which is June 29, 2006.” Finally, the trial court ordered the parents to pay their respective share of “medical, tutoring, tuition, educational fees and other medical/educational expenses,” but did not allow Louis a credit towards these expenses for the amount that monthly social security disability benefits paid on behalf of the children exceeded the amount of the basic monthly child support he owed. Louis appeals.
 

 ASSIGNMENTS OF ERROR
 

 Louis alleges that the trial court committed the following errors in rendering the decree appealed herein:
 

 1. The Trial Court erred in finding that tuition, medical expenses, tutoring expenses, and other medical/educational expenses do not constitute child support.
 

 2. The Trial Court erred in failing to give Louis Genusa, Jr. a full credit for the social security benefits received by his minor children due to his earning in accordance with [La.] R.S. 9:315.7 D.
 

 3. The Trial Court erred in failing to give Louis Genusa, Jr. a full credit against any arrearages owed for the lump sum disability payment of $12,500.00 paid on behalf of the minor children in December of 2004 based upon Mr. Genusa’s earnings.
 

 |s4. The Trial Court erred in failing to give Louis Genusa, Jr. credit for child support paid by Louis Genusa, Jr. to Denise Genusa in excess of his basic support obligation.
 

 5. The Trial Court erred in issuing an Income Assignment Order for up to 50% of [the] disposable income of Louis Genusa, Jr.
 

 DISCUSSION
 

 Louis’s first, second, and fourth assignments of error all relate to the trial court’s failure to credit the full amount of social security disability benefits paid to the minor children against the total child support obligation he was found to owe. We find merit in these assignments.
 

 In his first assignment of error, Louis alleges that the trial court incorrectly determined that the extraordinary medical and educational expenses of the children that the parties were ordered to pay did not constitute child support.
 

 The total child support obligation owed by a parent is comprised of the basic child support obligation, as determined by using the “Louisiana Child Support Guideline Schedule of Basic Child Support Obligations” table,
 
 [1]
 
 and such additional amounts as provided by La. R.S. 9:315, et seq.
 
 See
 
 La. R.S. 9:315.2(E). To the extent that the parties agree or the court so orders, extraordinary medical expenses, expenses related to private school attendance, and other expenses “intended to enhance the health, athletic, social, or cultural development of a child” can be added to the basic child support obligation.
 
 [2]
 
 These expenses then become a part of the total child support obligation owed by the parents.
 
 See
 
 La. R.S. 9:315.5 and 315.6.
 

 
 *779
 
 In the June 13, 2001 stipulated judgment, the parties agreed to add extraordinary medical expenses to the basic child support obligation, which, Irrelative to Louis, resulted in a total child support obligation that included his basic child support obligation of $650.00 per month plus 35 percent of all the children’s medical and dental expenses that were not covered by the health insurance Louis maintained on the children.
 
 [3]
 
 The February 13, 2009 support judgment, appealed herein, modified the June 13, 2001 stipulated judgment to set Louis’s basic child support obligation at $746.41 per month. The February 13, 2009 judgment further provided that Louis was obligated to pay 50.93 percent of all medical, tutoring, tuition, educational fees, and other medical/educational fees incurred by the children and to continue to maintain health insurance coverage for the children. Hence, the extraordinary medical and educational expenses Louis agreed to pay in the June 13, 2001 stipulated judgment and later was ordered to pay in the February 13, 2009 judgment, added to his allotted portion of the basic child support obligation, constituted the total child support obligation owed by him.
 
 [4]
 

 In his second assignment of error, Louis asserts that the trial court failed to accord him full credit for the social security benefits paid to the minor children as a consequence of his disability. According to La. R.S. 9:315.7(D), “social security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of that parent.” In the February 13, 2009 judgment, the trial court did not allow for an immediate credit of the monthly social security benefits paid to Denise on behalf of the children against Louis’s existing obligation at the commencement of Denise’s receipt of such benefits in |7January 2005, but instead decreed that the credit would be applied only to the basic child support obligation owed by Louis, beginning June 29, 2006.
 

 Denise argues that the trial court’s application of the credit allowed under paragraph D was proper by pointing out that in enacting the provision, the legislature added it to La. R.S. 9:315.7, which is titled “Deductions for income of the child.” She further points out that in paragraph A of La. R.S. 9:315.7 and in the preamble to 2006 La. Acts, No. 386, § 1 (the legislation wherein paragraphs D and E were enacted and added to La. R.S. 9:315.7) reference is made to deductions being applied to the
 
 basic
 
 child support obligation. We are not persuaded by this reasoning.
 

 Denise correctly points out that paragraph A of La. R.S. 9:315.7 and the preamble to Act 386 refer to the income of the child being a deduction and, as such, applies to the basic child support obligation. However, as this court concluded in
 
 Salles v. Salles,
 
 04-1449, p. 12 (La.App. 1st Cir.12/2/05), 928 So.2d 1, 8, amounts considered as “income of the child” under paragraph A of La. R.S. 9:315.7 must be deducted from the calculation of the undivided basic child support obligation owed by the parents, and thus, such income
 
 *780
 
 benefits both parents since it reduces the amount of the basic child support obligation before it is apportioned between the parents. And while the social security benefits received by the children as a result of Louis’s disability are considered income of the children,
 
 see Flickinger v. Flickinger,
 
 05-2228, pp. 4-5 (La.App. 1st Cir.12/28/06), 952 So.2d 70, 73-74, we find that according to the plain language of paragraph D, such income is not to be applied as a deduction, but as a credit. Moreover, as plainly stated in paragraph D, the credit is not simply to be applied to the amount of the basic child support owed, but “shall be credited ... against the
 
 potential
 
 obligation of that parent” for whose disability the children are receiving social security benefits. (Emphasis added.)
 

 | ¡¡This construction of paragraph D is further supported by the legislative history of Act 386, wherein paragraphs D and E were added to La. R.S. 9:315.7. The original version of House Bill 539 of the 2006 Regular Session, which eventually became Act 386, read:
 

 D. Notwithstanding the provisions of Subsection C of this Section, income of the child received from social security benefits, whether paid by lump sum or monthly payments, shall be deducted from the basic child support obligation.
 

 E. In cases where there is a child support arrearage, due in part to the failure to deduct from the basic child support obligation social security benefits received for the benefit of the child, the obligor may deduct such benefits in order to reduce the arrearages owed by the obligor.
 

 The wording of the original bill would support the trial court’s decree and Denise’s argument regarding how the social security benefits received by the minor children should be used in calculating the amount of child support Louis is personally obligated to pay; however, the legislature’s amendment of the original bill to provide the language that now exists in paragraphs D and E of La. R.S. 9:315.7 indicates a clear rejection of limiting application of the credit to only the basic, and not the total, amount of a party’s child support obligation. Hence, the trial court erred in limiting application of the credit accorded Louis under La. R.S. 9:315.7(D) to only offset the basic amount of the child support that Louis owed.
 

 We further find merit in Louis’s fourth assignment of error, wherein he asserts that the trial court failed to give him credit for the amounts paid in excess of the $650.00 basic child support obligation he agreed to pay pursuant to the June 13, 2001 decree. This error occurred as a result of the trial court’s failure to immediately grant Louis the credit afforded under La. R.S. 9:315.7(D) with the commencement of the payment of monthly social security benefits to Denise on behalf of the children. As recognized by this court, the legislature expressly declared that its amendment of La. R.S. 9:315.7 to add paragraph D was merely [¡¡interpretative legislation such that the provisions of paragraph D should be given retroactive effect.
 
 See Flickinger,
 
 05-2228 at 5, 952 So.2d at 74. Thus, the trial court erred in failing to credit against the monthly child support owed by Louis, the amount of social security benefits Denise received on behalf of the children, beginning in January 2005.
 

 Therefore, considering the foregoing legal errors committed by the trial court in construing La. R.S. 9:315.7(D), the amount of arrearages owed by Louis must be recalculated to account for the sums Louis paid to Denise in addition to the amounts she was receiving on behalf of the children in social security benefits. In December 2004, Denise received a lump sum payment of $12,500.00 in social security benefits on
 
 *781
 
 behalf of the children. Thereafter, Denise began receiving monthly social security benefits on behalf of the children in the amount of $842.00 per month beginning in January 2005.
 

 We can extrapolate from the testimony of the parties and the documentary evidence submitted by Denise to establish the amount of past due basic child support allegedly owed by Louis that the amount of arrearages owed should be reduced by at least $10,148.00. From December 2004 to May 2006, Louis paid Denise $325.00 per month in child support in addition to the $842.00 per month she was receiving in social security benefits for the children, amounting to a credit of $6,500.00. Moreover, at least $842.00 in social security benefits were paid to Denise beginning January 2005, which exceeded Louis’s basic child support obligation of $650.00 by $192.00, resulting in an additional credit of at least $3,648.00 through June 2006. According to the February 13, 2009 judgment, beginning June 29, 2006, Louis owed a basic child support obligation of $746.41, which was offset by the $900.00 in social security benefits being paid to Denise on behalf of the children, leaving a balance of $153.59 to be credited towards the remaining portions of Louis’s child support obligation.
 

 | inNevertheless, we cannot definitively calculate the arrearages owed by Louis, because there is nothing in the record stating exactly how much support was paid by Louis personally. In September 2006, the parties stipulated that Louis’s basic monthly child support obligation would be $318.00, retroactive to June 29, 2006, which indicates he may have paid that reduced amount pending ultimate resolution of the matter by the trial court with the February 13, 2009 judgment. We further observe, however, that the February 13, 2009 judgment holds Louis liable for medical arrearages owed through March 22, 2007, while simultaneously ordering that he owed the increased amount of support retroactive to June 29, 2006. So rather than trying to extrapolate and estimate what amounts were paid and what amounts were left owing, we will remand this matter to the trial court to recalculate the arrearages owed by Louis after giving him full credit against his potential child support obligation for social security benefits received on behalf of the children and any amounts he personally paid in support of the children.
 

 As for Louis’s third assignment of error, we must reject his assertion that the trial court erred in failing to give him a full credit equal to the amount of the lump sum payment of social security benefits that Denise received in December 2004, against any arrearages owed. Unlike paragraph D, paragraph E of La. R.S. 9:315.7 does not mandate or require the trial court to grant Louis a credit to reduce the amount of arrearages owed. Instead, paragraph E only mandates that an evidentiary hearing be granted before any arrearage is reduced based on receipt of a lump sum payment. Absent language mandating that there be a reduction, we do not construe La. R.S. 9:315.7(E) as requiring the trial court to reduce the amount of any arrearage by the full amount of the lump sum payment.
 

 In this case, the trial court did hold an evidentiary hearing and was openly critical of Louis’s farming “hobby,” wherein he claimed expenses that exceeded the income he received from the operation by $18,000.00. Louis explained that since luhe had been declared disabled, he had been selling off his cattle stock and equipment to close out the farming operation, because he was no longer physically able to maintain the operation. Yet, he attempted to justify his failure to pay his percentage of the extraordinary medical
 
 *782
 
 expenses incurred by his children, despite his agreement to do so pursuant to the June 13, 2001 stipulated judgment, by stating that he could not afford those expenses.
 

 Further, the trial court heard testimony that Louis received a lump sum payment of Social Security benefits in the amount of $26,500.00 at the same time Denise received the lump sum payment for the children. Denise also testified that she was terminated from her job in February 2007. She stated that she had been fired from her job due to her constant absences to attend medical appointments for the children and her ailing parents. She said her supervisor felt she was missing too much time from work for the medical appointments. She testified that she was actively searching for a new job and had sent out quite a number of resumes, but had not been successful in obtaining or even learning of an available job comparable and suitable to her work experience. Despite her job loss, Denise expressed her commitment to maintaining the children in the Holy Family School. She explained to the court that she had been using her savings and 401K to supplement her unemployment income to keep up with her household expenses.
 

 Considering this evidence, we cannot say that the trial court abused its discretion by choosing to reduce the amount of arrear-ages owed by Louis by only half of the amount of the lump sum social security benefits paid to Denise. Moreover, in light of our rulings regarding the trial court’s application of the credit owed to Louis pursuant to La. R.S. 9:315.7(D), the amount of arrearages owed by Louis should be determined to be significantly less, such that the amount of the reduction granted Louis for the lump sum payment may be sufficient to eliminate any residual arrearages that the trial court may determine he owes on remand.
 

 | ^CONCLUSION
 

 For the foregoing reasons, we amend the February 13, 2009 judgment to decree that the amount of social security benefits paid to Denise on behalf of the minor children shall be fully credited against the total monthly child support obligation owed by Louis. Based on this amendment, we remand this matter to the trial court with instructions to recalculate the amount of child support arrearages owed by Louis, based on a proper application of the La. R.S. 9:315.7(D) credit and consideration of any additional sums paid directly by Louis in support of the children, subject to a reduction equal to half of the lump sum payment of social security benefits Denise received on behalf of the children. All costs of this appeal are apportioned one-half to appellant, Louis Genusa, Jr., and one-half to appellee, Denise Morales Genusa.
 

 AMENDED IN PART AND REMANDED.
 

 PETTIGREW, J., concurs.
 

 [1]
 

 . See La. R.S. 9:315.19.
 

 [2]
 

 . According lo La. R.S. 9:315.5, to the extent that extraordinary medical expenses exist, they must be added to the basic child support obligation of the parents. Extraordinary medical expenses are unreimbursed medical expenses which exceed two hundred fifty dollars per child per calendar year. La. R.S. 9:315.5.
 

 [3]
 

 . The June 13, 2001 stipulated judgment obligated Louis to maintain health insurance on the minor children, which also was added to the basic child support owed by Louis to establish his total child support obligation.
 
 See
 
 La. R.S. 9:315.4.
 

 [4]
 

 . And in conformity with our determination that the extraordinary medical expenses and educational expenses the parties were ordered to pay constitute "child support,” we reject Louis’s fifth assignment of error alleging that if such expenses were not a part of the child support obligation he owed, then the trial court erred in issuing an income assignment order for arrearages based on the extraordinary medical expenses and educational expenses that the trial court found he owed.