48 So.3d 413 (2010)
Allen Jay TODTENBIER
v.
Tara Lee TODTENBIER.
No. 2010 CA 0304.
Court of Appeal of Louisiana, First Circuit.
October 27, 2010.
*414 Randy J. Fuerst, Lake Charles, Louisiana, for Plaintiff/Appellant/Appellee, Allen Jay Todtenbier.
Wendy L. Edwards, Jack M. Dampf, Baton Rouge Louisiana, for Defendant/Appellee/Appellant, Tara Lee Todtenbier.
Before WHIPPLE, McDONALD, and McCLENDON, JJ.
McDONALD, J.
Allen Jay Todtenbier and Tara Lee Todtenbier were married in May of 2000, and in November of 2000 they had a daughter, Bailey Dean Todtenbier. In February of 2001, Mrs. Todtenbier was diagnosed with a large acoustic neuroma tumor situated on her brain stem that required an emergency craniotomy. Thereafter, Mrs. Todtenbier underwent two more craniotomies and a "gamma knife" radiation treatment to remove the acoustic neuroma. Due to ongoing complications, she later underwent a left eye corneal transplant and a second corneal transplant after a rejection of the first corneal transplant. She eventually underwent around thirty eye surgeries due to her ongoing complications with the left eye as a result of the nerve damage from surgery. Mrs. Todtenbier was left with deafness in her left ear, partial facial paralysis, and frequent, severe headaches, as well as an ongoing left eye condition that requires monitoring.
The Todtenbiers separated in October of 2005, and in January 2006 a petition for dissolution of the marriage was filed in Arizona.[1] The Todtenbiers were divorced on September 1, 2006 in Arizona, but were living in Baton Rouge at the time of judgment. *415 The judgment of divorce granted the parties joint custody of the child, with no designation of a domiciliary parent, but provided that the child should live primarily with Mrs. Todtenbier. The judgment further states:
THE COURT FINDS that Father left his job at Cisco Systems where he earned between $135,000-$150,000 per year. The Court finds that Father presented evidence that although his leaving Cisco was voluntary, his position there was tenuous at best. The Court further finds that Father's job change was for reasons other than in anticipation of dissolution of the marriage.
Accordingly, THE COURT FINDS that Father's income for purposes of child support is $6,000 per month. However, the Court fully expects Father to continue to seek higher paying employment. When said employment occurs, Mother shall be entitled to an upward modification.
Dr. Cavalier testified that he believed that Mother was disabled (as does the Social Security Administration) and not capable of working either full-time or part-time. Father failed to present evidence to refute Dr. Cavalier's opinion. Accordingly,
THE COURT FINDS that Mother's income shall be calculated at $1,027.00, which is her disability income.
The Arizona court ordered Mr, Todtenbier to pay Mrs. Todtenbier $1,250.00 per month in spousal support and $209.67 per month in child support, and ordered Mr. Todtenbier to pay Bailey's tuition at St. James Episcopal Day School in Baton Rouge.
Mr. Todtenbier filed motions with the Arizona court for review or a new trial. The minute entries from January 29, 2007 in the Arizona court records indicate that the Arizona court denied his request for a modification of custody and denied his request to modify the spousal support award, and that thereafter, the parties stipulated that Mr. Todtenbier would pay for Bailey's medical insurance, and that Mr. Todtenbier's child support was set at $249.00 per month.[2]
On December 14, 2007, Mr. Todtenbier filed a petition in the Family Court in East Baton Rouge Parish to modify custody, reduce child support, and terminate or reduce his spousal support obligation.[3] Mrs. Todtenbier filed a motion to increase child support and spousal support.
By judgment dated August 18, 2009, the family court awarded the parties joint custody of Bailey, and named Mrs. Todtenbier as the domiciliary parent. Mr. Todtenbier was given visitation on Wednesday nights and every other weekend.[4] As to the financial issues, after a hearing, the family court took the matter under advisement. Thereafter, the family court issued written reasons for judgment on July 9, 2009,[5] finding no significant change in the circumstances of the parties, finding that Mr. Todtenbier was voluntarily underemployed, and finding that Mrs. Todtenbier was disabled such that employment would *416 be difficult if not impossible to obtain. The family court denied Mr. Todtenbier's motion for reduction or termination of spousal support, denied Mrs. Todtenbier's motion to increase spousal support, modified the child support award to Mrs. Todtenbier to $339.10 per month, retroactive to February 3, 2009, and ordered Mr. Todtenbier to pay for and maintain Bailey's health and hospitalization insurance. Further, the family court ordered that Bailey remain enrolled in St. James Episcopal Day School, and that retroactive to February 3, 2009, the percentage of the parties' total monthly income attributable to Mr. Todtenbier was 72% and to Mrs. Todtenbier was 28%. Further, the court ordered that each party pay their percentage share of all mandatory fees and tuition required by Bailey's enrollment in private school, and any and all medical, dental, and ocular expenses not covered by health insurance over and above the first $250.00 incurred per calendar year.
Mr. Todtenbier is appealing that judgment, asserting that the family court erred in finding him voluntarily underemployed and assigning him an earning capacity, in denying his motion for a reduction in child support, and in failing to reduce his spousal support.
Mrs. Todtenbier answered the appeal, asserting that the family court erred by attributing the Social Security Administration payment received by Mrs. Todtenbier on Bailey's behalf (based on the earnings of Mrs. Todtenbier), as income to Bailey, in contravention of the terms of La. R.S. 9:315.7.

THE SPOUSAL SUPPORT ISSUE
Louisiana Civil Code article 114 provides that "An award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary." The trial court found that Mr. Todtenbier failed to show a significant or substantial change in either party's financial situation and denied his request for a reduction or termination of his spousal support obligation.[6]
Mr. Todtenbier argues that Mrs. Todtenbier has family help and support, yet the testimony established that Mrs. Todtenbier's only income is social security disability and spousal support, and her employment opportunities are limited due to her disability. Mrs. Todtenbier's stamina is limited also, and being a full-time mother to Bailey and dealing with her own medical issues appears to deplete her energy completely. Mr. Todtenbier has an MBA and prefers to work for himself in a start-up company rather than work for someone else, arguing that while he makes less money now, he has the potential to make more money later. We cannot say that the family court abused its discretion in finding no substantial change in either of the parties' financial situation and denying Mr. Todtenbier's request for a reduction or termination of his spousal support at this time.[7]

*417 THE CHILD SUPPORT ISSUE
Mr. Todtenbier asserts that the family court erred in failing to reduce his child support under La. R.S. 9:315.8 E, which provides in part:
(1) In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time.
(2) If under a joint custody order, the person ordered to pay child support has physical custody of the child for more than seventy-three days, the court may order a credit to the child support obligation. A day for the purposes of this Paragraph shall be determined by the court; however, in no instance shall less than four hours of physical custody of the child constitute a day.
(3) In determining the amount of credit to be given, the court shall consider the following:
(a) The amount of time the child spends with the person to whom the credit would be applied. The court shall include in such consideration the continuing expenses of the domiciliary party.
(b) The increase in financial burden placed on the person to whom the credit would be applied and the decrease in financial burden on the person receiving child support.
(c) The best interests of the child and what is equitable between the parties.
Under the circumstances of this case, we cannot say that the family court abused its discretion in declining to give Mr. Todtenbier a credit for the amount of time that he has physical custody of Bailey (every Wednesday after school to Thursday morning, and every other weekend, with more time during the summer and holidays), considering the record herein and, in particular, the parties' specific agreement in the August 18, 2009 judgment that the formulation of the custody plan and granting of summer and holiday access would not constitute a change in circumstances or a `shared custodial plan' for purposes of child support.
In addition to the support provided by the parents, Bailey receives $574.00 per month in social security payments. Mrs. Todtenbier asserts that the family court erred in crediting the Social Security Administration payment to Bailey, which is based on Mrs. Todtenbier's disability and earnings, as income to Bailey to be deducted from the basic support obligation of the parties. Louisiana Revised Statutes 9:315.7 provides in pertinent part:
A. Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation.
B. The provisions of this Section shall not apply to income earned by a child while a full-time student, regardless of whether such income was earned during a summer or holiday break.
C. The provisions of this Section shall not apply to benefits received by a child from public assistance programs, including but not limited to Family Independence Temporary Assistance Programs (F1TAP), food stamps, or any means-tested program.
D. Notwithstanding the provisions of Subsection C of this Section, social security benefits received by a child *418 due to the earnings of a parent shall be credited as child support to the parent upon whose earnings record it is based, by crediting the amount against the potential obligation of that parent.
E. In cases where there is a child support arrearage, the court shall grant an evidentiary hearing before any arrearage is reduced based upon any lump sum payments received by the child.
Clearly, under La. R.S. 9:315 D, the family court erred in crediting the monthly Social Security Administration payment to Bailey as income to Bailey and deducting it from the basic support obligation of the parties. See Flickinger v. Flickinger, 05-2228, pp. 4-6 (La.App. 1 Cir. 12/28/06), 952 So.2d 70, 73-74; Genusa v. Genusa, 09-0917, p. 6-8 (La.App. 1 Cir. 12/23/09), 30 So.3d 775, 779-780. While the Social Security Administration payment received by Bailey as a result of Mrs. Todtenbier's disability is considered income to Bailey, such income is not to be applied as a deduction, but as a credit. The credit is not simply to be applied to the amount of basic child support owed, but shall be credited against the potential obligation of that parent for whose disability the child is receiving social security benefits. Genusa, 09-0917 at p. 7, 30 So.3d at 780.
Thus, the total child support obligation must be recalculated. When the payment of $574.00 to Bailey is removed as a credit on line 5e of the child support obligation worksheet, the total support obligation is $1,299.20, rather than $725.20.
Therefore, Mr. Todtenbier's 72% share of the total child support obligation is $935.42, minus a credit of a direct payment of health insurance for Bailey in the amount of $185.00, which makes his monthly child support obligation $750.42, rather than $339.10, retroactive to February 3, 2009.
Mrs. Todtenbier's child support obligation, based on her 28% of the combined monthly adjusted gross income, increases from $201.10 to $363.77. Her credit for Bailey's Social Security Administration payment, $574.00, is larger than her child support obligation of $363.77,[8]
Thus, we amend the family court judgment to reflect that Mr. Todtenbier's monthly child support payment is increased to $750.42. In all other aspects, the family court judgment is affirmed. Costs of this appeal are assessed against Mr. Todtenbier.
AMENDED, AND AS AMENDED, AFFIRMED. ANSWER TO APPEAL GRANTED.
McCLENDON, J. concurs and assigns reasons.
McCLENDON, J., concurs and assigns reasons.
I note that LSA-R.S. 9:315.8(A) requires that extraordinary expenses, including tuition expenses, be added to the basic child support obligation to determine the total child support obligation. See LSA-R.S. 9:315.6. Accordingly, the expenses should be included in the calculations on the child support obligation worksheet. See LSA-R.S. 9:315.20. However, because the outcome would be unchanged, I respectfully concur with the result reached by the majority.
NOTES
[1] Pursuant to Arizona law and as noted by the court in Arizona, "at least one of the parties [had] been domiciled in the State of Arizona for more than 90 days immediately preceding the filing of the Petition."
[2] We note that the Arizona court did not consider Bailey's social security payment in determining the child support obligation and that Mr. Todtenbier was unaware of that payment at the time.
[3] At Mr. Todtenbier's request, the Arizona judgment was made executory and recognized in the state of Louisiana.
[4] The custody issues and financial issues were bifurcated at Mr. Todtenbier's request.
[5] The judgment was signed on September 21, 2009.
[6] The family court found that Mr. Todtenbier's earning capacity was $6,000.00 per month, while Mrs. Todtenbier's disability income was $1052.00 per month.
[7] On the record before us, we further find no merit to Mr. Todtenbier's claim that the purported brief length of the marriage (i.e., approximately 6½ years) was an important factor that was either never considered or was not given sufficient weight by the courts, as alleged by Mr. Todtenbier. In fact, the Arizona court judgment specifically states "The Court has considered the duration of the marriage (approximately 6 years)." Likewise, we find no abuse of discretion by the family court in refusing to find that his spousal support obligation should be reduced on the basis of the purported testimony of Dr. Cavalier which appellant argues would mandate such a modification. Instead, we find Dr. Cavalier's testimony clearly supports the determination of the family court that no reduction or termination of the spousal support award was warranted.
[8] As Mrs. Todtenbier is the domiciliary parent, this is her potential child support obligation, as she does not pay child support to Mr. Todtenbier.