HANS J. LILJEBERG, Judge.
| ¡.Defendant, C.B.,[1] seeks review of the juvenile court’s denial of his request for credit against his child support obligation for a lump sum payment of social security benefits received by his minor child, B.B. For the following reasons, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

The minor child’s mother, D.G., filed for divorce from C.B. in 1999. On June 12, 2003, the State of Louisiana, Department of Social Services (“the State”), filed a Petition for Child Support against C.B., seeking support and health insurance coverage for B.B., born December 21, 1998, with D.G. as the recipient. In December of 2003, C.B. entered into a family support order which obligated him to pay $443.00 per month in child support to D.G.
|sIn February of 2005, C.B. was injured while he was stationed in Iraq with the Louisiana National Guard. According to C.B., he received a 100% disability rating and began receiving social security disability benefits in July of 2007. In January of 2009, D.G. was notified that B.B. was entitled to monthly child’s benefits from the Social Security Administration due to her father’s disability, effective August of 2005. D.G. was informed that she would be paid social security benefits for B.B. at a rate of $702.00 per month. D.G. also received a lump sum payment of $26,382.00 from the Social Security Administration for the benefits B.B. was entitled to from August of 2005 through December of 2008. On May 8, 2009, the juvenile court dismissed the child support case against C.B., based on receipt of the $26,382.00 lump sum payment and the ongoing social security payments in the amount of $702.00 per month.
In January of 2012, the monthly social security benefits received by D.G. for B.B. were reduced to $242.00 per month as a result of the birth of C.B.’s second child. On March 15, 2012, the State filed a Rule for Medical Support and Child Support against C.B. at D.G.’s request.
A hearing to establish support was held before the hearing officer for the juvenile court on July 6, 2012, and the hearing officer recommended that C.B. be ordered to pay $860.00 per month to D.G. for B.B.’s support, effective July 15, 2012, and retroactive to the date of filing, March 15, 2012. This recommendation was made a temporary order of the court. C.B. disagreed with the inclusion of private school tuition in the order of child support and requested a hearing before the juvenile court judge. After a disagreement hearing on October 29, 2012, the juvenile court judge accepted the hearing officer’s recommendations and ordered C.B. to pay $860.00 per month in child support to D.G. for B.B.
|4On December 5, 2013, C.B. filed a “Motion for Credit to be Applied for Amounts Paid to Child Support Obligation,” seeking credit toward his child support obligation for the $26,382.00 social security disability payment made to D.G. for B.B. in January of 2009. After a hearing, the hearing offi *852 cer denied C.B.’s request for a credit to his child support obligation. C.B. disagreed with the hearing officer’s recommendation and the parties appeared before the juvenile court judge for hearing of the matter on March 10, 2014. At this hearing, the juvenile court judge upheld the hearing officer’s recommendation and denied C.B.’s request for credit. The judge found that C.B. had already been given credit for the $26,382.00 payment, considering the period of time for which the payment was made and the reason why this payment was made. It is from this ruling that C.B. appeals.

LAW AND DISCUSSION

On appeal, C.B. asserts that the juvenile court erred by failing to give him a full credit against his child support obligation for the social security benefits of $26,382.00 received by B.B. due to his earnings and subsequent disability. He claims that when the $26,382.00 payment was received by D.G. for B.B., he was never given any credit against his child support obligation, as mandated by La. R.S. 9:315.7(D). C.B. argues that although the juvenile court judge noted that the original child support case was dismissed based on the $26,382.00 payment, there was never a “line-item” or other credit applied to his account for these funds. Finally, C.B. asserts that Louisiana courts have addressed whether a lump sum social security disability payment made to a minor child should be credited toward a future child support obligation, and the courts have found that such a credit must be applied. C.B. cites Genusa v. Genusa, 09-917 (La.App. 1 Cir.12/23/09), 30 So.3d 775 in support of his argument.
|fiIn response, the State contends that the juvenile court did not err in denying C.B.’s motion for credit, finding that he had already been credited for the $26,382.00 lump sum payment when the original child support case was dismissed on May 8, 2009. It argues that when a child support case is closed, all arrears are waived at that time, and “the only vestige of the previous case that remains is the previous court ordered amount of support, which is subject to modification.” The State argues that the lump sum should not have been credited to the current ongoing child support order, because the current order is retroactive only to the date of filing the motion to reinstate child support. Finally, the State contends that any credit given to C.B. for the lump sum payment would constitute unjust enrichment, noting that B.B. will reach the age of majority in December of 2016 and that a credit of $26,382.00 would result in D.G. receiving no further support for B.B., other than the $242.00 per month that is paid by the Social Security Administration.
La. R.S. 9:315.7(D) provides, in pertinent part:
.... social security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of that parent. (.Emphasis added).
In Genusa, 09-917 at 7, 30 So.3d at 780, the First Circuit found that pursuant to La. R.S. 9:315.7(D), social security benefit payments are to be applied as a credit “against the potential obligation of that parent for whose disability the children are receiving social security benefits.” See also Flickinger v. Flickinger, 05-2228, p. 4 (La.App. 1 Cir. 12/28/06), 952 So.2d 70, 73; and Todtenbier v. Todtenbier, 10-304 (La.App. 1 Cir. 10/27/10), 48 So.3d 413, 418.
In the present case, in January of 2009, D.G. received the lump sum payment of $26,382.00 for B.B., based on C.B.’s earnings and subsequent disability. The |fiaward letter for B.B. from the Social *853 Security Administration indicates that the $26,382.00 payment was for money due from August 2005 through December of 2008. The record does not establish what amounts were paid by C.B. during this time period or what, if any, amounts were due when the lump sum payment was received by D.G. for B.B. When the case was dismissed in May of 2009, the record simply indicates that the dismissal was based on the $26,382.00 payment and the monthly social security payments.
While the State argues that C.B. is not entitled to credit for the lump sum payment because the original child support case was dismissed after this payment was received by D.G., La. R.S. 9:315.7(D) specifically provides that a social security benefit shall be credited against the potential obligation of the parent upon whose earning record it is based. Thus, credit toward a future child support obligation is anticipated under this statute.
The family support order recommendation of May 8, 2009, which was consented to by C.B. and D.G., indicates “case/petition dismissed by the court” and “ongoing support is dismissed based upon receipt of a direct payment in the amount of $26,382.00 and monthly payments in the amount of $702.00.” Although the State argues that C.B. was already given credit for the lump sum payment when the case was dismissed, the record does not show what amount of credit, if any, C.B. actually received for the lump sum payment at that time.
Considering the applicable law, we find that C.B. is entitled to a credit toward his child support obligation for the entire amount of the lump sum payment. Accordingly, we reverse the juvenile court’s ruling denying C.B.’s motion for credit to be applied toward his child support obligation for the lump sum payment. Because the record does not establish the specific amount of credit that C.B. received when the original child support case was dismissed, we remand to the |7juvenile court with instructions to calculate the specific amount of credit that was applied when the original child support case was dismissed, and to apply any remaining amount to C.B.’s current order of child support.

DECREE

For the foregoing reasons, we reverse the judgment of the juvenile court and remand the matter to the juvenile court for further proceedings.

REVERSED AND REMANDED.

. In order to protect the privacy of the minor child in this matter, we will refer to the parties and the minor child by their initials. See Uniform Rules, Courts of Appeal, Rule 5-2.