THERIOT, J.
| gin this case, the State of Louisiana, through the Department of Children and Family Services (DCFS), appeals the family court’s calculation of child support obligations. For the reasons set forth herein, we amend the judgment of the family court and affirm as amended.
FACTS AND PROCEDURAL HISTORY
On January 14, 2013, DCFS, in the interest of Mattheus Jones, minor child of Monica Jones, filed a petition to establish paternity and support alleging that Kristopher Peters was the biological father and had failed or refused to pay child support. Although personally served, Kristopher did not file an answer to the petition. DCFS moved for a preliminary default that was granted by the family court on April 19, 2013. On numerous occasions, the family court ordered Kristopher to submit to a paternity test; however, Kristopher never appeared for the test.
Due to Kristopher’s unwillingness to submit to a paternity test, DCFS filed a motion to make the presumption of Kristopher’s paternity absolute. Kristopher failed to appear for the hearing on the motion. The family court signed a judgment on February 21, 2014, declaring Kristopher to be the biological father of Mattheus and ordering Kristopher to pay child support of $200.00 per month and to pay $98.00 for the cost .of the paternity test.
In the family court’s child support worksheet, $508.00 was deducted from Monica’s total income for “extraordinary adjustments.” The deduction corresponds to Social Security income Mattheus received as dependent pay in conjunction with Monica’s own Social Security benefits.
DCFS filed a motion' for new trial on February 27, 2014, arguing that the deduction of $508.00 from the basic child support obligation should have been applied as a credit against Monica’s potential child support obligation. |aThe family court denied the motion for new trial and DCFS appealed the judgment. •
*1202 ASSIGNMENT OF ERROR
DCFS’s alleges as it’s sole assignment of error that the family court erred in applying the Social Security Administration benefits received by Mattheus from the earnings of Monica, his mother, as a deduction from the basic support obligation of the parties, rather than applying the benefits as a credit against the potential obligation of Monica in accordance with La. R.S. fcSlSJCD).[1]
STANDARD OF REVIEW
The standard of review in a child support case is manifest error and, accordingly, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. Verberne v. Verberne, 2005-2644 (La.App. 1 Cir. 9/27/06), 944 So.2d 620, 621. Upon finding an abuse of discretion, an appellate court can only lower or raise the amount to the highest point which was reasonably within the discretion of the trial court. See Campbell v. Campbell, 95-1711 (La.App. 1 Cir. 10/10/96), 682 So.2d 312, 316.
DISCUSSION
Normally, income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation. La. R.S. 9:315.7(A). However, Paragraph D of La. R.S. 9:315.7 provides an exception to the general rule. When the child’s income is classified as Social Security benefits, such as in the instant case, the earnings shall be credited as child support to the parent upon whom the Learning is based. The family court’s child support worksheet shows that the income was incorrectly treated as a deduction from the basic child support obligation.
According to the plain language of Paragraph D of La. R.S. 9:315.7, the credit is not simply to be applied to the amount of the basic child support owed, but “shall be credited ... against the potential obligation of that parent” for whose disability the child is receiving Social Security benefits. Genusa v. Genusa, 2009-0917 (La.App. 1 Cir. 12/23/09), 30 So.3d 775, 780. (Emphasis added.) We find the family court erred in deducting the amount of $508.00 from the basic support obligation of the parties rather than crediting the $508.00 against the potential obligation of that parent for whose disability the child is receiving Social Security benefits. Id.
When the $508.00 is removed as a credit on line 5e of the child support obligation worksheet, the total support obligation is $885.88. Monica’s percentage share of income is 47.42% and Kristopher’s percentage share of income is 52.58%.
Therefore, Monica’s recommended potential child support obligation according to her allotted percentage is $420.08 per month ($885.88 x 47.42%), credited by $508.00 per month. Since the credit is larger than the obligation, and since Monica is the domiciliary parent, she will not be obligated to make any child support payments. See Todtenbier v. Todtenbier, 2010-0304 (La.App. 1 Cir. 10/27/10), 48 So.3d 413, 418.
Based on Kristopher’s allotted percentage of 52.58%, his recommended child support obligation is $465.80 per month ($885.88 x 52.58%). We find Kristopher’s present child support obligation to be manifestly erroneous. The family court *1203 abused its discretion when it incorrectly calculated Kristopher’s child support obligation and ordered him |sto pay $200.00 per month, less than half of the support obligation recommended under La. R.S. 9:315.7. We therefore amend the family court judgment to reflect that Kristopher’s monthly child support obligation is increased to $465.80. In all other aspects, the family court judgment is affirmed.
DECREE
The judgment of the family court for the parish of East Baton Rouge is hereby amended to reflect that Kristopher Peters’ monthly child support obligation is the sum of $465.80. All other aspects of the judgment are affirmed. All costs of this appeal are assessed to Kristopher Peters.
AMENDED, AND AS AMENDED, AFFIRMED

. Louisiana Revised Statutes 9:315.7(D) states, in pertinent part: "[S]ocial security benefits received by a child due to the earnings of a parent shall be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of' that parent.” [Emphasis added.]