STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-519

LATOYA CASTILLE, INDIVIDUALLY

VERSUS

LOUISIANA MEDICAL MUTUAL INS. CO., ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. 73813
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.

AFFIRMED AND REMANDED.

Marc W. Judice
Judice & Adley
P. O. Drawer 51769
Lafayette, LA 70505-1769
Telephone:  (337) 235-2405
COUNSEL FOR:
    Defendants/Appellees – G. Vincent Bailey, M.D. and Bailey & Elias
    Obstetrical Care, L.L.C.

Charles Henry Munsterman
3600 Jackson Street
Dunbar Plaza – Suite 105
Alexandria, LA 71303
Telephone:  (318) 487-4972
COUNSEL FOR:
    Plaintiff/Appellant – Latoya Castille, Individually

**Rene Joseph Pfefferle**
**Watson, Blanche, Wilson & Posner**
**P. O. Box 2995**
**Baton Rouge, LA 70821-2995**
**Telephone: (225) 387-5511**
**COUNSEL FOR:**
**Defendants/Appellees – Louisiana Medical Mutual Ins. Co. and Jennings American Legion Hospital**

**Jordan Z. Taylor**
**Townsley Law Firm**
**3102 Enterprise Boulevard**
**Lake Charles, LA 70601**
**Telephone: (337) 478-1400**
**COUNSEL FOR:**
**Plaintiff/Appellant – Latoya Castille, Individually**

**THIBODEAUX, Chief Judge.**

In this medical malpractice case, Latoya Castille appeals the trial court's grant of several medical providers' peremptory exceptions of no cause of action as to her claim for bystander damages under La.Civ.Code art. 2315.6. Defendants filed the exceptions in response to Ms. Castille's petition for damages contending their negligence in prenatal care and delivery of her infant caused the infant's harm and eventual death. In her petition, Ms. Castille sought wrongful death, survival, bystander, and incidental damages. On appeal, Ms. Castille claims the wrongful death, survival, and bystander claims constitute one cause of action so that partial judgment as to only her bystander claim was improper. She further asserts her petition set forth a valid bystander claim. Because we find that Ms. Castille's petition fails to state a cause of action for bystander relief but that factual deficiencies in the petition warrant its amendment, we affirm and remand.

## I.

## ISSUES

We must determine:

(1)  whether a claim for bystander damages under La.Civ.Code art. 2315.6 is an independent cause of action; and

(2)  whether Ms. Castille's petition set forth sufficient facts to establish a cause of action for bystander damages.

## II.

## FACTS AND PROCEDURAL HISTORY

Latoya Castille is a former obstetrics patient of the Bailey-Elias OB Clinic, where she received prenatal care by Dr. G. Vincent Bailey. Dr. Bailey also

delivered her infant, with the assistance of the nursing staff at Jennings American Legion Hospital (JALH), where Ms. Castille was admitted for induction of a vaginal delivery. Complications arose during birth, and while the infant survived delivery, she emerged weak and unresponsive. The infant required emergency resuscitation and subsequent transfer to a different hospital for treatment. She died thirty-six days after birth.

Thereafter, Ms. Castille filed suit against Louisiana Medical Mutual Insurance Company, Bailey & Elias Obstetrical Care, L.L.C., Dr. Bailey, and JALH alleging that their negligence in prenatal care and delivery of her infant caused her injury and the infant's eventual death. In her petition for damages, Ms. Castille sought relief for her infant's wrongful death and pre-death suffering, her own severe emotional stress, and negligent infliction of emotional distress, among other things. Bailey & Elias Obstetrical Care, L.L.C. and Dr. Bailey answered, denying liability and filing a peremptory exception of no cause of action as to her claims for relief under La.Civ.Code art. 2315.6. JALH filed an exception of no cause of action on the same grounds.

The trial court granted the exception of Bailey & Elias Obstetrical Care, L.L.C. and Dr. Bailey. After a subsequent hearing, the trial court also granted the exception filed by JALH. In its written reasons for both judgments, the trial court stated that Ms. Castille had failed to state a cause of action for bystander damages under La.Civ.Code art. 2315.6. Both judgments were designated as final. Ms. Castille now appeals.

## III.

## STANDARD OF REVIEW

Questions of law are reviewed by the appellate court under the de novo standard of review. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36. An exception of no cause of action raises a question of law; therefore, a trial court's judgment relating to an exception is reviewed by the appellate court de novo. *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So.2d 114. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's favor, the petition states a valid cause of action for the requested relief. *Id.*

## IV.

## LAW AND DISCUSSION

### *Whether Bystander Claim is Independent Cause of Action*

Ms. Castille contends the trial court erred in granting defendants' exceptions of no cause of action as to only her bystander claim because the claim was not an independent cause of action. It was, therefore, improperly dismissed by a partial judgment. We disagree and find that a claim for bystander damages under La.Civ.Code art. 2315.6 is an independent cause of action.

A partial judgment on an exception of no cause of action should not be rendered to dismiss only one theory of recovery out of several within a single cause of action. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234 (La.1993). However, a partial judgment on an exception of no cause of action may be rendered to dismiss one of several separate causes of action. *Id.* In determining whether a claim can be properly dismissed through an exception of no

cause of action, then, it is necessary to determine whether that claim is an alternate theory of recovery or an independent cause of action.

The narrower question in the present case is whether a claim for bystander damages under La.Civ.Code art. 2315.6 is an independent cause of action. Ms. Castille asserts that her bystander, wrongful death, and survival claims are alternate theories of recovery for one underlying cause of action. However, it is well-settled that a survival action and wrongful death action are two separate causes of action. *Watkins v. Exxon Mobil Corp.*, 13-1545 (La. 5/7/14), __ So.3d __. Although both arise from a common tort, they are separate causes of action because they arise at a different time and compensate different injuries. *Id.* The distinction between the two actions is further evidenced by the legislature's decision to separate the actions into different Civil Code articles. *Id.*

A claim for bystander damages is also a separate cause of action. Like a wrongful death and survival claim, a bystander claim is provided for in a separate article. *See* La.Civ.Code art. 2315.6. Moreover, a bystander claim arises at a different time than a survival and wrongful death claim. A survival action arises simultaneously with the commission of the tort against the direct victim and is transmitted to the beneficiaries upon the victim's death. *Guidry v. Theriot*, 377 So.2d 319 (La.1979), repudiated on different grounds in *Louviere v. Shell Oil Co.*, 440 So.2d 93 (La.1983). A wrongful death action arises when the victim dies. *Id.* Distinct from both actions is the bystander claim, which arises when a person observes an injury-causing event or soon after comes upon the scene of an injury and is contemporaneously aware that the event has caused severe harm to the direct victim. *Trahan v. McManus*, 97-1224 (La. 3/2/99), 728 So.2d 1273. Further, a bystander claim compensates different injuries than a wrongful death and survival

action. A survival claim compensates the direct victim for damages suffered from the time of injury until death. *Guidry*, 377 So.2d 319. A wrongful death claim compensates the beneficiaries for their own damages suffered from the moment of the direct victim's death and thereafter. *Id.* Distinct from both actions is the bystander claim, which compensates the bystander for the immediate shock of witnessing a traumatic event which caused the direct victim severe and apparent harm. *Trahan*, 728 So.2d 1273. Thus, by the same jurisprudential logic by which a wrongful death and survival claim are separate causes of action, a bystander claim is also a separate cause of action.

Ms. Castille correctly defines a cause of action as "the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant." *Everything On Wheels Subaru, Inc.*, 616 So.2d at 1238. She incorrectly concludes, however, that her wrongful death, survival, and bystander claims constitute one cause of action merely because they share the operative fact of defendants' alleged negligence. The inherently different nature of the claims, as discussed above, necessarily indicates that different operative facts give rise to the right to assert each. In particular, the facts that give rise to a bystander claim are distinct from those that give rise to a wrongful death and survival action. For instance, wrongful death and survival actions are premised on the direct victim's death, but "a bystander action has no necessary relationship to a death." *Wartelle v. Women's & Children's Hosp., Inc.*, 97-744 (La. 12/2/97), 704 So.2d 778, 784-85. Moreover, a bystander action requires facts demonstrating that a bystander observed an injury-causing event or the scene soon after, experienced contemporaneous awareness of severe harm to the direct victim, and suffered severe, foreseeable emotional distress. *Trahan*, 728 So.2d 1273; *See also*

5

La.Civ.Code art. 2315.6. These operative facts do not give rise to a right to assert either a wrongful death action or survival action. *See* La.Civ.Code art. 2315.1 and 2315.2. As such, the distinct operative facts giving rise to the right to assert a bystander claim render it a distinct cause of action.

In light of the foregoing, we find that a claim for bystander damages under La.Civ.Code art. 2315. 6 is an independent cause of action. As such, a bystander claim can be properly dismissed by a partial judgment on an exception of no cause of action. Ms. Castille's first contention is without merit.

### De Novo Review of Bystander Claim

Ms. Castille contends the trial court erred in granting defendants' exceptions of no cause of action for bystander relief because her petition made out a valid claim. We disagree. However, we find that factual gaps in Ms. Castille's petition warrant its amendment and remand for the trial court to assess whether a cause of action exists given a fuller account of what occurred.

In conducting a de novo review of an exception of no cause of action, the reviewing court is limited to the plaintiff's petition and accepts the well-pleaded allegations of fact as true. *Ramey*, 869 So.2d 114. It is not necessary for a plaintiff to plead the theory of her case; however, mere conclusions unsupported by facts do not establish a cause of action. *Id.* Ultimately, the court must determine whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Id.*

The relief sought in the present case is recovery of bystander damages under La.Civ.Code art. 2315.6. To recover under this article, a plaintiff must show that: (1) they viewed the event causing injury to the direct victim or came upon the

scene soon after; (2) the direct victim suffered such harm that it can reasonably be expected that the plaintiff would suffer serious mental anguish from the experience; (3) the emotional distress plaintiff sustained is both serious and reasonably foreseeable; and (4) plaintiff and the direct victim have the requisite familial relationship. *Lejeune v. Rayne Branch Hosp.*, 556 So.2d 559 (La.1990); *See also* La.Civ.Code art. 2315.6. Additionally, a plaintiff must show that as they witnessed the injury-causing event, or the scene of injury soon after, they were contemporaneously aware that the event had caused harm to the victim. *Trahan*, 728 So.2d 1273.

Applying the legal principles set forth above and accepting all of the allegations in plaintiff's petition as true, we find Ms. Castille's petition fails to state a cause of action for bystander damages. A key element for recovery under La.Civ.Code art. 2315.6 is the bystander's personal observation of injury, or scene soon after, and contemporaneous awareness of injury to the direct victim. *Trahan*, 728 So.2d 1273. However, Ms. Castille's petition is silent as to what she personally observed or was aware of in terms of the infant's condition during and immediately after the allegedly negligent delivery. Instead, her petition remarks, in general terms, on the infant's condition after birth. The petition states the infant emerged "limp, apneic, cyanotic," with no indication of whether these are Ms. Castille's personal observations and, if so, the immediate impact of such observations. Further, without any facts describing Ms. Castille's observations or awareness of harm to her infant, it is hard to gauge the severity or foreseeability of any resulting emotional distress, another key element of a bystander claim. The lack of particular facts describing what Ms. Castille viewed, what harm, if any, she was aware of to her infant, and what distress, if any, this awareness caused her

7

during and immediately after delivery prevents this court from finding she established a cause of action for bystander damages under La.Civ.Code 2315.6.

While Ms. Castille's petition, as it stands, does not assert a cause of action for bystander damages, it is not beyond repair. Louisiana Code of Civil Procedure Article 934 states that "when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." The article further provides that if the grounds of the objection cannot be removed by amendment, the action shall be dismissed. *Id.* Among the grounds of defendants' objections are the aforementioned deficiencies in Ms. Castille's petition, namely the lack of facts establishing severe, foreseeable mental distress and personal observation of injury. Because the petition does not negate the possibility of a viable bystander claim, but rather, lacks certain relevant facts, we are not prepared to find as a matter of law that the basis for defendants' objections cannot be removed by amendment of the petition. We will allow Ms. Castille to amend her petition, if she is legitimately able, to remediate any factual deficiencies. In accordance with La.Code Civ.P. art. 934, we remand.

V.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is affirmed and defendants' peremptory exceptions of no cause of action are sustained. The case is remanded to the district court to permit a remedial amendment of Ms. Castille's petition in accordance with the views expressed herein. Ms. Castille is given thirty days from the date of the finality of this

judgment to amend her petition. If she fails to amend her petition within the prescribed time, the district court shall dismiss her claim under La.Civ.Code art. 2315.6. Costs of the appeal are assessed equally against Ms. Castille and the defendants.

**AFFIRMED AND REMANDED.**