STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-297

CHRISTOPHER CLOUD

VERSUS

EMILY DEAN

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 249,752
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and David Kent Savoie, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**

**Susan Ford Fiser**
**Attorney at Law**
**Post Office Box 12424**
**Alexandria, Louisiana  71315-2424**
**(318) 442-8899**
**Counsel for Plaintiff/Appellee:**
     **Christopher Cloud**

**Eugene P. Cicardo, Jr.**
**Joseph M. Reynolds**
**Law Office of Eugene P. Cicardo, Jr.**
**Post Office Box 1128**
**Alexandria, Louisiana  71309-1128**
**(318) 445-2097**
**Counsel for Defendant/Appellant:**
     **Emily Dean**

**KEATY, Judge.**

Defendant, Emily Dean, appeals the trial court's two judgments denying her Exceptions of No Cause of Action, Prescription, and Res Judicata, vacating her pauper status, and dismissing her Motion for Contempt as well as the trial court's ruling in favor of Plaintiff, Christopher Cloud, with respect to his Rule for Decrease in Child Support. For the following reasons, the trial court's judgments are affirmed in part, reversed in part, and remanded with instructions.

## FACTS AND PROCEDURAL BACKGROUND

This appeal arises from a child custody dispute concerning Dean and Cloud's young child, Jonathon. Cloud, who was never married to Dean, filed a Petition to Establish Custody on March 27, 2014. Dean filed an Answer to Petition and Reconventional Demand, alleging that Cloud physically abused her and asking for sole custody and child support. In connection therewith, Dean filed an In Forma Pauperis Affidavit. After a hearing on May 5, 2014, the trial court orally ruled in favor of Dean, later reducing that ruling to a written Judgment Considered Decree on May 20, 2014. In its written judgment, the trial court found that the Post-Separation Family Violence Relief Act, La.R.S. 9:361-369, was applicable given Cloud's history of physical abuse and that Dean was an abused parent as defined therein. The trial court also granted Dean sole custody and ordered Cloud to pay $777.00 per month in child support.

On July 22, 2014, Cloud filed a Rule for Decrease in Child Support and for Other Relief,[1] alleging that the attorney who represented him during the May 5,

---

[1] This "Other Relief" refers to Cloud's request that the trial court issue a subpoena duces tecum commanding Dean to produce the following at the hearing on his Rule for Decrease in Child Support: a copy of her filed and/or unfiled 2012 and 2013 state and federal income tax returns; her income records from January 1, 2014 through the date of the hearing; and all

2014 hearing[2] failed to advise the trial court that he no longer received the $1,300.00 monthly annuity payments arising from his previous traumatic brain injury, and that amount was used to establish the child support amount. In his pleading, Cloud alleged that he sold his annuity for $130,600.00 in order to purchase a home for $100,000.00. He claims, therefore, that since he was no longer receiving monthly annuity payments and also considering that Jonathon was receiving Cloud's monthly Social Security benefits in the amount of $345.00, he should not have to pay $777.00 per month because the original child support award was based upon erroneous information.

Dean responded on August 14, 2014, by filing an Opposition to Motion for New Trial, Exception of No Cause of Action, Exception of Res Judicata, Exception of Unauthorized Use of Summary Proceeding, and Prescription with Incorporated Memorandum. Attached to it was another In Forma Pauperis Affidavit executed by her on August 13, 2014. The trial court allowed Dean to proceed without paying costs in advance or as they accrue by an Order filed on August 18, 2014. One day later on August 19, 2014, Cloud filed a Rule to Traverse Pauper Status Pursuant to La.Code Civ.P. art. 5184, alleging that Dean was untruthful and incomplete when filling out her In Forma Pauperis Affidavit.

A hearing took place on September 8, 2014, wherein the trial court orally denied all of Dean's exceptions. The trial court set the hearing on Cloud's Rule for Decrease in Child Support and his Rule to Traverse Pauper Status for October 6, 2014. The trial court signed a judgment reflecting same on September 18, 2014.

---

documentation showing that she receives $345.00 per month in Social Security benefits for Jonathon.

[2] The attorney representing Cloud during the May 5, 2014 hearing is not the same attorney representing him in this instant appeal.

Dean subsequently filed a Motion for Contempt on September 29, 2014, alleging that Cloud failed to make child support payments in accordance with the trial court's May 20, 2014 judgment.

Following the October 6, 2014 hearing on Cloud's Rule for Decrease in Child Support and his Rule to Traverse Pauper Status, the trial court set aside the original child support award as provided in its May 20, 2014 judgment and ordered that Dean was not owed child support. The trial court also vacated and set aside Dean's second In Forma Pauperis Order. Additionally, the trial court dismissed Dean's Motion for Contempt, indicating in its Order that it was "DENIED for oral reasons stated on October 6, 2014." The foregoing was memorialized in the trial court's written judgment dated October 21, 2014.

Dean subsequently appealed both the September 18, 2014 and the October 21, 2014 judgments. On appeal, Dean asserts seven assignments of error and one alternative assignment of error which we have summarized as follows:

(1)     The trial court legally erred when it denied Dean's Exception of No Cause of Action;

(2)     The trial court legally erred when it denied Dean's Exception of Prescription;

(3)     The trial court legally erred when it denied Dean's Exception of Res Judicata;

(4)     The trial court legally erred when it removed Dean's pauper status since she was not served with Cloud's Rule to Traverse Pauper Status;

(5)     The trial court legally erred when it granted Cloud's Motion for a New Trial without a contradictory hearing and without a ruling allowing the new trial to take place;

(6)     The trial court legally erred when it denied Dean's Motion for Contempt regarding the May 20, 2014 judgment without a hearing;

3

(7)     Alternatively, if this Court finds that the October 6, 2014 hearing was proper, the trial court legally erred in ruling that Cloud, a non-custodial parent, owes less support than required by Louisiana's uniform child support guidelines, La.R.S. 9:315-315.20; and

(8)     The trial court erred in annulling the May 20, 2014 judgment since there was no pending nullity action. If there was, however, the Exception of Improper Use of Summary Proceedings should have been granted.

Dean asks this court to reverse the trial court's judgments signed on September 18, 2014 and October 21, 2014; sustain her exceptions of No Cause of Action, Res Judicata, and Prescription; reinstate the May 20, 2014 judgment; order the trial court to set her September 29, 2014 Motion for Contempt for an evidentiary hearing; and assess Cloud with all costs of these proceedings.

Cloud has not filed an answer or appellate brief in connection with this appeal.

**DISCUSSION**

**I.     First and Fifth Assignments of Error**

In her first assignment of error, Dean contends that the trial court legally erred when it denied her Exception of No Cause of Action. The peremptory exception of no cause of action is provided for in La.Code Civ.P. art. 927(A)(5). "An exception of no cause of action tests 'the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.'" *Moreno v. Entergy Corp.*, 10-2268, p. 3 (La. 2/18/11), 64 So.3d 761, 762 (quoting *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1235 (La.1993)). When a question of law is raised upon an exception of no cause of action, an appellate court reviews a trial court's judgment utilizing the de novo standard of review. *Castille v. Louisiana Med. Mut. Ins. Co.*, 14-519 (La.App. 3

4

Cir. 11/5/14), 150 So.3d 614. "The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's favor, the petition states a valid cause of action for the requested relief." *Id.* at 617-18.

A valid cause of action for modification of a child support award is asserted upon a showing that "the circumstances of the child or of either parent materially change[d] and shall be terminated upon proof that it has become unnecessary." La.Civ.Code art. 142. Additionally, "[a]n award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award." La.R.S. 9:311(A)(1). "The party seeking to increase or decrease the amount of child support . . . bears the burden of proving a change of circumstances since the rendition of the prior judgment fixing the amount of support." *Preis v. Preis*, 610 So.2d 163, 164 (La.App. 3 Cir. 1992), *writ denied*, 612 So.2d 103 (La.1993). The trial court is afforded great discretion when considering the modification of child support decrees, and we should not disturb its decision absent a clear abuse of discretion. *Young v. Young*, 95-1154 (La.App. 3 Cir. 4/17/96), 673 So.2d 1154; La.R.S. 9:311(A).

Since Cloud seeks to modify the child support decree in his Rule for Decrease in Child Support, he carries the burden of proving that a change in circumstances occurred since the rendition of the May 20, 2014 judgment. He alleges a change in circumstances by indicating that the May 20, 2014 child support award was based upon erroneous information such that it should be corrected to state that no money is due. Specifically, in paragraph four of his Rule for Decrease in Child Support, Cloud contends:

That although [Cloud] had all of his financial documentation and was able to testify, his attorney [at the May 5, 2014 hearing] did not bring out the fact that he no longer receives his annuity for his traumatic brain injury, but he sold his annuity for $130,600.00, which was deposited in his checking account on April 29, 2013, and he purchased a home for $100,000.00 on June 12, 2013, which sale is recorded in the Conveyance Records at the Rapides Parish Clerk of Court's office, Conveyance Book 1956, Page 516.

Cloud's Rule for Decrease in Child Support further states that he "only receives $831.00 per month in Social Security benefits," and that Jonathon receives his monthly Social Security benefits in the amount of $345.00.

Accepting the foregoing allegations in Cloud's Rule for Decrease in Child Support as true, and utilizing the legal principles set forth above, we find that there was a material change in circumstances in that both Jonathan and Cloud had a change in income with Social Security benefits. The trial court did not abuse its discretion in denying Dean's Exception of No Cause of Action and setting Cloud's Rule for Decrease in Child Support for a hearing. Dean's first assignment of error is without merit, and there was merit for recalculating child support at the October 6, 2014 hearing.

Dean further alleges in her fifth assignment of error that Cloud's Rule for Decrease in Child Support is a disguised Motion for a New Trial which fails to contain facts supporting the granting of a new trial. Dean takes issue with Cloud's characterization of it as a Rule for Decrease in Child Support rather than a Motion for a New Trial. "The characterization of a pleading by the litigant is not controlling. Pleadings are taken for what they actually are and not for what their authors designate them. A court should not reject a justiciable cause 'merely because it is dressed in the wrong coat.'" *State, Dep't of Children & Family Servs.*

6

*ex rel. A.L. v. Lowrie*, 14-1025, p. 6 (La. 5/5/15), 167 So.3d 573, 578 (quoting *Succession of Smith*, 247 La. 921, 928, 175 So.2d 269, 271 (1965)).

Cloud's Rule for Decrease in Child Support asks for recalculation of his child support obligation based upon facts that were in existence, although not disclosed, at the May 5, 2014 hearing. The trial court stated at the September 8, 2014 hearing that, "The New Trial, I'm going to trial." We, therefore, find that Cloud's Rule for Decrease in Child Support was considered as a disguised Motion for a New Trial and subject to the rules regarding same. As an appellate court, we review the trial court's decision to grant a new trial under the abuse of discretion standard. *Boudreaux v. Wimberley*, 02-1064 (La.App. 3 Cir. 4/2/03), 843 So.2d 519, *writ denied*, 03-1251 (La. 9/5/03), 852 So.2d 1037.

A peremptory ground supporting the granting of a new trial occurs "[w]hen the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial." La.Code Civ.P. art. 1972(2). In this case, Cloud knew about the selling of his annuity before and during the May 5, 2014 hearing and the subsequently written judgment setting the child support award, even though such information was not disclosed by his attorney at that time. We find that Cloud's Rule for Decrease in Child Support, therefore, did not state peremptory grounds which would warrant the granting of a new trial effectively vacating the prior judgment, and the trial court abused its discretion to the extent it granted a new trial on this basis.

Dean also contends that there were no discretionary grounds which would warrant a new trial under La.Code Civ.P. art. 1973, which provides for the granting of a new trial when there "is good ground therefor[.]" Since Cloud knew about his suspended annuity payments at the time of the May 5, 2014 hearing and

subsequent judgment, we find that his attorney's failure to disclose same is not a good ground for granting a new trial, and the trial court abused its discretion to the extent it granted a new trial on this basis.

Finally, Dean contends that the trial court failed to comply with the hearing requirements of La.Code Civ.P. art. 1977 which provides that, "[w]hen a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court." There is no evidence contained in the record showing that a hearing took place. We, therefore, find that the trial court abused its discretion in granting a new trial.

According to its written judgment dated October 21, 2014, and subsequent Written Reasons for Judgment dated May 20, 2015, the trial court vacated and set aside its May 5, 2014 oral ruling and its May 20, 2014 written judgment by relying, in part, on the fact that Cloud sold part of his annuity in April of 2013 which suspended his monthly annuity payments until 2020. The trial testimony and evidence, however, shows that the foregoing factual information was known, although not disclosed, prior to the May 5, 2014 hearing. As such, we find that the foregoing fails to constitute a basis for a new trial which would warrant a cause of action to vacate the child support award ordered on May 5, 2014 and signed on May 20, 2014. Accordingly, we find that the trial court abused its discretion in setting aside the child support owed based on Cloud's suspended monthly annuity payments.

The trial court also based its vacating and setting aside of its May 20, 2014 judgment on the fact that Dean began receiving $345.00 of Cloud's Social Security benefits for Jonathan in June 2014. Louisiana Revised Statutes 9:315.7(D) provides: "[S]ocial security benefits received by a child due to the earnings of a

parent shall be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of that parent."

Application of this credit was discussed in *Genusa v. Genusa*, 09-917 (La.App. 1 Cir. 12/23/09), 30 So.3d 775, wherein the mother asked the trial court to hold the father in contempt for failing to pay child support. In response, the father filed a rule to modify child support, requesting that his monthly support obligation be offset by the monthly Social Security disability benefits he paid to the mother on behalf of their children. In its judgment, the trial court limited application of this Social Security credit by applying it to only his basic child support obligation owed beginning on June 29, 2006. The trial court refused to grant an immediate credit against his existing obligation at the beginning of the mother's receipt of the Social Security benefits in January of 2005.

On appeal in *Genusa*, the father alleged that the trial court's failure to give him full credit violated La.R.S. 9:315.7(D). In response, the mother argued that the trial court's application of the credit was proper in light of La.R.S. 9:315.7(A), which provides: "Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation." In ruling for the father, the first circuit explained that, although his Social Security benefits were considered income of the children under La.R.S. 9:315.7(A), such income was not to be applied as a deduction but rather as a credit. It explained that the "credit is not simply to be applied to the amount of the basic child support owed, but 'shall be credited . . . against the *potential* obligation of that parent' for whose disability the children are receiving social security benefits. (Emphasis added.)" *Id*. at 780 (quoting La.R.S. 9:315.7(D)). The first circuit found that the Social Security benefits the mother began receiving in January 2005

should have been credited against the father's monthly child support obligation at that time rather than beginning on June 29, 2006.

Accordingly, we reverse the trial court's judgment signed October 21, 2014, as to the vacating of the May 20, 2014 judgment, reinstate the May 20, 2014 judgment, and remand this matter instructing the trial court to calculate Cloud's child support arrearages by crediting his child support obligation with the amount of Social Security benefits that Dean received on behalf of Jonathan in accordance with La.R.S. 9:315.7(D).

**II.    Second Assignment of Error**

In her second assignment of error, Dean contends that the trial court erred when it denied her Exception of Prescription on Cloud's Rule for Decrease in Child Support, i.e., disguised Motion for a New Trial. "When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Davis v. Hibernia Nat'l Bank*, 98-1164, p. 2 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63, *writ denied*, 99-897 (La. 9/3/99), 747 So.2d 536 (citation omitted). "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." La.Code Civ.P. art. 1974.

In this case, the record contains the Notice and Certificate of Signing of judgment which shows that the May 20, 2014 judgment was mailed by the Clerk of Court to the parties on May 22, 2014. Cloud's Rule for Decrease in Child Support was filed on July 22, 2015, which was more than seven days after the judgment

10

was mailed. The trial court, therefore, manifestly erred in denying Dean's Exception of Prescription, and its judgments are reversed in this regard.

## III.   Fourth Assignment of Error

In her fourth assignment of error, Dean contends that the trial court erred in removing her pauper status since she was not served with Cloud's Rule to Traverse Pauper Status. Service of process is discussed in La.Code Civ.P. art. 2594 which provides:

> Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.

In this case, the record contains correspondence dated September 10, 2014, from the Rapides Parish Sheriff's Office showing its failure to serve Dean with the Rule to Traverse Pauper Status. The requirements provided by La.Code Civ.P. art. 2594, therefore, were not satisfied. Accordingly, the trial court erred in removing her pauper status, and its judgment of October 21, 2014 regarding Dean's pauper status is reversed.

## IV.   Sixth Assignment of Error

In her sixth assignment of error, Dean contends that the trial court erred when it denied her Motion for Contempt without a hearing. "[A] person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly." La.Code Civ.P. art. 225(A). "Review of the trial court's determination as to whether behavior rises to the level of contempt is subject to a

11

manifest error standard of review." *Caldarera v. Caldarera*, 14-41, p. 2 (La.App. 3 Cir. 5/21/14), 140 So.3d 1224, 1226.

The transcript of the October 6, 2014 hearing shows that an evidentiary hearing took place only on Cloud's Rule for Decrease in Child Support and his Rule to Traverse Pauper Status. At the end of that hearing, however, the transcript shows that Cloud's counsel advised the trial court of Dean's previously filed Motion for Contempt and asked the trial court to dismiss it. In response, the trial court stated, "I was holding on to it until we had this hearing, but I will. I'll dismiss it ex parte." The trial court subsequently denied Dean's Motion for Contempt in its October 6, 2014 Order "for oral reasons stated on October 6, 2014[,]" further indicating that it was dismissed in its October 21, 2014 judgment. The trial court failed to give reasons for its dismissal in its May 20, 2015 Written Reasons for Judgment. We find that the trial court's dismissal of the Motion for Contempt was in error since it occurred without a "trial by the judge of a rule against [Cloud] to show cause why he should not be adjudged guilty of contempt and punished accordingly." La.Code Civ.P. art. 225(A).

In light of the foregoing, we hold that the trial court erred in dismissing Dean's Motion for Contempt without a hearing, and its October 21, 2014 judgment is reversed. This matter is remanded with instructions that an evidentiary hearing be set on the motion.

**V.     Additional Assignments of Error**

Given our holdings above, we decline to address Dean's other assignments of error.

**DECREE**

That portion of the trial court's judgment rendered on September 8, 2014 and signed on September 18, 2014 denying Emily Dean's Exception of No Cause of Action and setting Christopher Cloud's Rule for Decrease in Child Support is hereby affirmed. The remainder of the September 18, 2014 judgment with respect to the trial court's denial of Emily Dean's Exceptions of Prescription and Res Judicata is reversed.

The portion of the trial court's judgment rendered on October 6, 2014, and signed on October 21, 2014, vacating the May 20, 2014 judgment is reversed. The portion of the October 21, 2014 judgment regarding vacating Emily Dean's In Forma Pauperis status and dismissing her Motion for Contempt is hereby reversed. The Motion for Contempt is remanded with instructions that it be set for an evidentiary hearing. The trial court is further instructed to calculate Christopher Cloud's child support arrearages by crediting his child support obligation as ordered in its May 20, 2014 judgment with the amount of Social Security benefits received by Emily Dean on behalf of Jonathan in accordance with La.R.S. 9:315.7(D).

Christopher Cloud is assessed with all costs of this appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**