THIBODEAUX, Chief Judge,
dissenting in part.
|TI dissent from the majority’s treatment of bystander damages and its conclusion that the general damages award . of $6,600,000 was excessive.
The issue of a separate cap is indeed before us despite the lack of a specific pleading or lack of its inclusion in the jury instructions or the jury verdict form. The majority’s rigid adherence to hypertechnical procedural rules abdicates a court’s responsibility to render substantial — and deserved — fairness. Every pleading and all admissible evidence should be construed so as to achieve substantial justice, and courts are bound to determine the substance of a pleading. See, e.g., Thompson v. Harrington, 99-571 (La.App. 3 Cir. 10/13/99), 746 So.2d 652/ The subordination of substance to form in the interest of procedural regularity has denied Ms. Ren-fro damages to which,-from an evidentiary standard, she is entitled.
In her answer to the appeal, Ms. Renfro asserts that the trial court erred in reducing the general damages award to $500,000 pursuant to La.R.S. 13:5106. She argues that the statute, as it existed at the time of judicial demand, was interpreted by our supreme court to be “hopelessly ‘ambiguous,’” and thus should be interpreted to limit her recovery to not one, but two damage caps. Ms. Renfro is correct.
| ¡¡.Louisiana Civil Code Article 2315.2 authorizes certain enumerated persons to “recover damages which they sustained as a result of the death” of a person through the fault of another. Louisiana Civil Code Article 2315.6 authorizes statutorily enumerated persons who see another person become injured or “who come upon the scene of the event soon thereafter,” to recover damages for the mental injury suffered as a result of seeing the other, person’s injury.
As this court explained in Castille v. Louisiana Med. Mut. Ins. Co., 14-519, pp. 4r-5 (La.App. 3 Cir. 11/5/14), 150 So.3d 614, 618-19:
A claim for bystander damages is also a separate cause of action. Like a wrongful death and survival claim; a bystander claim is provided for in a separate article. See La.Civ.Code art. 2315.6. Moreover, a bystander claim arises at a different time than a survival and wrongful, death claim. A survival action..arises, simultaneously with the commission of the tort against the direct victim and is transmitted to the beneficiaries upon the victim’s death. Guidry v. Theriot, 377 So.2d 319 (La.1979), repudiated on different grounds in Lowvi-ere v. Shell Oil Co., 440 So.2d 93 (La. 1983). A wrongful .death action arises when the victim dies. Id. Distinct from both actions is the bystander claim, which arises when a person observes an injury-causing event or soon,after comes upon the scene -of an injury and is contemporaneously aware ■ that the event has caused severe- harm to the direct victim. ■ Trahan v. McManus,- 97-1224 (La.3/2/99), 728 So.2d 1273. Further, a bystander claim compensates .different injuries than a wrongful death and sur *1212 vival action. A survival claim compensates the direct victim for damages suffered from the time of injury until death. Guidry, 377 So.2d 319. A wrongful death claim compensates the beneficiaries for their own damages suffered from the moment of the direct victim’s death and thereafter. Id. Distinct from both actions is the bystander claim, which compensates the bystander for the immediate shock of witnessing a traumatic event which caused the direct victim severe and apparent harm. Tra-han, 728 So.2d 1273. Thus, by the same jurisprudential logic by which a wrongful death and survival claim are separate causes of action, a bystander claim is also a separate cause of action.
Since it is a separate cause of action and it is unnecessary to plead specific legal theories or causes of action as long as the essential facts are pleaded, the talismanic words “bystander damages” need not be specifically articulated.
At the time suit was filed on January 31, 2002, La.R.S. 13:5106(B)(2) provided:
|3In all suits for wrongful death of any one person, the total amount recoverable, exclusive of property damages, medical care and related benefits and loss of earnings or loss of support, and loss of future support, as provided in this Section, shall not exceed five hundred thousand dollars.
In Lockett v. State ex rel. DOTD, 03-1767 (La.2/25/04), 869 So.2d 87, the trial court found DOTD partially liable for a vehicular crash and awarded each parent $500,000 in general damages for the death of their daughter. The court of appeal affirmed. The supreme court granted DOTD’s application for a writ to determine the proper construction of the statute. Finding the statute to be ambiguous and in derogation from the rights of tort victims, the supreme court determined that the statute must be strictly construed against application and in favor of the tort victims. The court explained “[La.R.S. 13:5106] does not restrict the application of the cap for all claims.” Id. at 94.
Although the statute was subsequently amended to cap the total amount of general damages at $500,000 regardless of the number of plaintiffs or claims, damage caps are applied according to the date of judicial demand. E.g. Brown v. Louisiana Indem. Co., 96-1393 (La.App. 3 Cir. 4/23/97), 693 So.2d 270, writ granted, 97-1344 (La.9/19/97), 701 So.2d 139, and aff'd in part, rev’d in part on other grounds, 97-1344 (La.3/4/98), 707 So.2d 1240. Because the supreme court’s interpretation was the law in effect at the time of judicial demand, we must apply the statute to be consistent with the Lockett opinion. I, too, find the statute, as it read at the time of judicial demand, to be ambiguous regarding whether it allowed for a single cap for all claims or multiple caps for multiple claims. Thus, we must apply a strict construction against coverage. Consequently, Ms. Renfro has separate claims: those pursuant to La.Civ.Code arts. 2315.2 and 2315.6. Therefore, I conclude that Ms. Renfro is entitled to two statutory damages caps in accordance with the Lockett decision.
^Moreover, I note that, at the time of the accident made the basis of this suit, La.R.S. 13:5106(B)(2) provided that, “[i]n all suits for wrongful death of any one person, the total amount recoverable ... shall not exceed five hundred thousand dollars.” (Emphasis added). Here, Ms. Renfro brings suit for the damages she sustained for the wrongful death of her daughter, Mallory, pursuant to La.Civ. Code 2315.2. Louisiana Revised Statutes 13:5106(B)(2), as it existed at the time of the instant accident, capped damages at $500,000 “in all suits for wrongful death,” not in suits for bystander damages, which *1213 this court has previously explained is a separate cause of action.
Louisiana Code of Civil Procedure Article 2164 allows us to issue a judgment which is just and proper and supportable by the record. Similarly, La.Code Civ.P. art. 862 grants us the authority to issue a judgment for whatever relief we deem is proper, even if a party has not demanded that relief in his pleadings.
Mental anguish forms the basis for bystander damages under La.Civ.Code art. 2315.6. Clearly, the jury awarded $1,320,000 for “mental anguish” and $1,320,000 for “grief and sorrow.” The jury also awarded $3,960,000 for “loss of love, affection, and companionship.” Those items are typically associated with those damages occasioned by the wrongful death of an individual. It compensates the codal beneficiaries for the absence of love, the absence of affection, and the absence of companionship occasioned by the loss of a deceased. That is separate and apart from “grief and sorrow” and “mental anguish.” Those are the damages immediately experienced by the codal beneficiaries. Rachal v. Brouillette, 12-794, p. 5 (La.App. 3 Cir. 3/13/13), 111 So.3d 1137, 1142, writ denied, -13-690 (La.5/3/13), 113 So.3d 217, explained it succinctly: “[p]ut another way, grief is the absence of an emotion as a result of a loved one’s death. Loss of love and affection, however, is the absence of an experience; specifically the absence of a 1 Jove previously bestowed.” In my view, the element associated with bystander damages — mental anguish — was simply another way of awarding bystander damages under La.Civ.Code art. 2315.6.
Louisiana Code of Civil Procedure Article 862 requires a final judgment to “grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contained no prayer for general and equitable relief.” Typically, this provision gives authority to a trial court to grant relief, regardless of whether such relief was pleaded. See, e.g., Johnson v. Fuselier, 302 So.2d 721 (La.App. 3 Cir.1974). However, this provision also authorizes a court of appeal to award certain damages, even though the plaintiff did not seek those damages. For instance, in Kibbe v. Lege, 604 So.2d 1366 (La.App. 3 Cir.), writs denied, 606 So.2d 540, 541 (La.1992), this court allowed the plaintiff to recover under quantum meruit, even though he had not pleaded it. In that case, the trial court concluded that the plaintiff was entitled to damages under a theory of equitable estoppel. However, this court ruled that equitable estoppel did not apply, but that the plaintiff could recover under quantum meruit. We also found that the plaintiff was not required to specifically plead quantum meruit, since the defendant was put on “fair notice” as to what the plaintiff was seeking by the factual pleadings. Bystander damages could be analogized in this case to quantum meruit. Since the plaintiff sought damages for mental anguish, the defendant was put on “fair notice” that the plaintiff was seeking such damages which formed the basis for bystander damages. Kibbe specifically said that Article 862 “supports this [court’s] authority to allow recov-ery_” Id. at 1371. (Emphasis added).
The majority erroneously addresses the issue of excessive damages. Despite concluding that the damages are limited to $500,000 because of the statutory cap under La.R.S. 13:5106, it then proceeds to address the excessiveness issue under | fithe abuse of discretion standard. Because of the $500,000 cap, that issue is now moot. Why address it? The award will be $500,000 whether the damages are $6,600,000 as the jury concluded, or $2,000,000 as the majority concludes. Consequently, any discussion of the exces- *1214 siveness of the award is unnecessary dictum.
For the foregoing reasons, I respectfully dissent.
SAUNDERS, J„ dissents in part for the reasons assigned by Chief Judge THIBODEAUX. ■